## S. M. DE MERVILLE et al. *v.* VILLENEUVE LEBLANC, JR., & Co.

Where usurious interest was stipulated before the passage of the Act of 20th March, 1856, " relative
to the rate of interest," but paid since the promulgation of that Act—*Held:* That the whole of the
interest paid could be recovered back under the second section of the Act of February 19th, 1844.
The contract relative to interest was void at the time it was entered into, and it remained unaffected
by the subsequent law in existence when the payment was made.

A PPEAL from the District Court of West Baton Rouge, *Robertson*, J.
*Seymour & McHatton*, for plaintiffs and appellants. *David N. Barrow*,
for defendant.

MERVILLE
*v*
LEBLANC.

SPOFFORD, J.  The only question presented by the appellants is, whether usurious interest, stipulated before the passage of the Act of March 20th, 1856, "relative to the rate of interest," (Session Acts, p. 130,) but paid since the promulgation of that Act, can be recovered back under the second section of the Act of February 19th, 1844.  (Session Acts, p. 15.)  They contend that the payment having been made under the new law is only void for the excess above the legal rate, and that the whole interest paid is not therefore recoverable.

As a general rule, laws prescribe only for the future.  The Act of March 20th, 1856, is no exception to the rule, but, with a caution that was perhaps unnecessary, it declares upon its face that the validity or obligation of any contract entered into before the going into operation of this Act shall be unaffected by it.

The whole contract relative to interest, at the time it was entered into between these parties, was void, it being in contravention of a prohibitory law. And an action was given to recover back the amount paid under the contract, if demanded within twelve months after the payment.  No vitality was imparted to the void contract by the Act of March 20th, 1856 ; nor did the latter Act take away the right of action given by the former law as to payments which might thereafter be made under contracts prohibited by the Act of 1844, and entered into while it was in force.

The payment did not constitute a new contract, as contended for by the appellants ; it was simply an attempt to execute the old one.

Judgment affirmed.